**SO ORDERED.**



Dated: June 10, 2008

_____
CHARLES G. CASE, II
U.S. Bankruptcy Judge

PIEKARSKI & BRELSFORD, P.C.
2942 N 24th St., Ste. 109
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

STEVE SABAGH and SARAB SABAGH,

Debtor(s).

Case No.: 2:08-bk-00142-CGC

STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN

It having been determined after notice:

1. That the Chapter 13 Plan of the Debtor filed on January 7, 2008, complies with Chapter 13 and all other applicable provisions of 11 U.S.C. § 1325;

2. That any fee, charge, or amount required under 28 U.S.C. § 123, or by the plan, to be paid before confirmation, has been paid;

3. That the Plan has been proposed in good faith and is not by any means forbidden by law;

4. That the value, as of the effective date of the plan, of property to be distributed under the plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estates of the debtor was liquidated under Chapter 7 of 11 U.S.C.;

5. That the plan provides that, the holders of secured claims, who have not accepted the plan shall retain their liens, and the value, as of the effective date of the plan, of property to be distributed under the plan on account of secured claims whose holders have not accepted the plan is not less than allowed amount of those claims;

6. That the Plan and this Stipulated Order shall not constitute an informal proof of claim for any creditor.

-1-

IT IS THEREFORE ORDERED:

That the Chapter 13 Plan of the Debtor be and hereby is confirmed, subject to the following terms and conditions:

I. INCOME: That the Debtor shall pay to the Chapter 13 Trustee the sum of $60,000.00 over the anticipated life of the Plan as follows:

>   Months 1 – 60 (@ $1000.00 per month) = $60,000.00
>
>   **TOTAL PLAN YIELD = $60,000.00**
>
>   (February 2008 through January 2013)
>
>   The first payment was due February 6, 2008

II. PLAN DURATION: In no event will the duration of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee and/or any supplemental Plan payment made by the Debtor(s) unless, before the end of this period, the amount necessary to pay all allowed claims in full has been paid in full.

III. PAYMENT DUE DATE: Debtor is instructed to remit monthly payments on or before the 6th of each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall at the end of the Plan cannot be discharged. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums.

IV. INCOME TAX RETURN COPIES: The debtor is required to provide, directly to the trustee within 30 days after the returns are filed, copies of their Federal and State income tax returns for years 2008 and 2009.

V. OTHER PROPERTY: In the event other property is submitted to the Trustee it shall be treated as advance payment unless otherwise ordered by the Court. In no event will the term of the Plan be reduced to less than sixty (60) month, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

VI. TRUSTEE'S FEES: The Trustee shall receive such percentage fee of the Plan payments as may be fixed by the U.S. Attorney General pursuant to 28 U.S.C. § 586(e), not to exceed 10%.

VII. ATTORNEY'S FEES: That the attorney for the Debtor is awarded a fee in the amount of $3,500.00 of which $1,500.00 has been previously paid by the Debtor. The balance of $2,000.00 is to be paid by the Trustee from the Debtor's plan payments.

VIII. SECURED CLAIMS-REAL PROPERTY

  1. The name of the Creditor is America's Servicing Co ("AMERICAS"), secured by a 1st mortgage on Debtors' homestead located at 8429 S. 50th Lane, Laveen, Arizona 85339. The Debtors shall pay the regular monthly payment pursuant to contract terms directly to the creditor. The property may be sold or encumbered without further order of the Court, upon the approval of the Trustee.

IX. SECURED CLAIMS-PERSONAL PROPERTY

  1. The name of the creditor is Wells Fargo Financial Bank ("Wells Fargo"), secured by purchase-money security agreement on household furniture in Debtor's possession. The creditor will be paid the secured amount of $1378.64 at 0% interest.

X. UNSECURED CLAIMS: That all other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the plan pro rata as determined by the Trustee and any amounts unpaid shall be discharged.

XI. EFFECTIVE DATE AND VESTING: The effective date of the Plan shall be the date of this Order. Property of the estate shall vest in the debtor upon confirmation of the Plan. The debtor may use the property in any manner, or may sell the property, without further order of this court.

DONE IN OPEN COURT THIS DATE: _____

_____
The Honorable United States Bankruptcy Judge

-3-

ORDER APPROVED AS TO FORM AND CONTENT BY:

_____
Edward Maney
Chapter 13 Trustee
PO Box 10434
Phoenix, Arizona 85064